UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| MICHAEL SHENEMAN, | ) | CASE NO. 4:17 CV 2478 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| WARDEN MERLAK, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On November 27, 2017, Petitioner *pro se* Michael Sheneman, an inmate at the Federal

Correctional Institution at Elkton ("FCI Elkton"), filed the above-captioned habeas corpus action

under 28 U.S.C. § 2241. Sheneman was convicted in the United States District Court for the

Northern District of Indiana in 2011 of wire fraud.[1] *See, United States v. Shenemen*, No. Dist.

Ind.. Case No. 3:10-cr-00126. As grounds for the Petition, he asserts he is actually innocent

because the evidence did not support his convictions and resulting sentence. For the reasons

stated below, this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a

sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and

sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v.*

*Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

---

[1]     This is the *fifth* 2241 petition filed by Sheneman in this Court challenging the
conviction. Each of the previous petitions was dismissed. See Case Nos. 4:17
CV 520, 4:16 CV1153, 4:15 CV 2554, and 4:15 CV 1907.

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Sheneman has not set forth a genuine claim of actual innocence that might fall within the § 2255 savings clause, as the sufficiency of the evidence to support his conviction and resulting sentence are issues that could and must be raised in a 2255 motion. The Petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/19/18